IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-524

 Filed: 18 December 2018

Cumberland County, No. 17 CVS 4544

LEOLA S. WATSON, Plaintiff,

 v.

JANICE R. JOYNER-WATSON, Defendant.

 Appeal by plaintiff from order entered 23 February 2018 by Judge James G.

Bell in Cumberland County Superior Court. Heard in the Court of Appeals 19

September 2018.

 Sharon A. Keyes for plaintiff-appellant.

 Lewis, Deese, Nance & Briggs, LLP, by Renny W. Deese, for defendant-appellee.

 ELMORE, Judge.

 Plaintiff Leola S. Watson appeals from an order granting defendant Janice R.

Joyner-Watson’s motions to dismiss plaintiff’s claims for breach of contract, quantum

meruit, constructive fraud, and constructive trust pursuant to Rules 12(b)(1) and

12(b)(6) of the North Carolina Rules of Civil Procedure. On appeal, plaintiff contends

the trial court erred in concluding that it lacked jurisdiction over the action. We

affirm.

 I. Background
 WATSON V. JOYNER-WATSON

 Opinion of the Court

 On 6 January 2017, plaintiff filed a claim against the estate of Richard D.

Watson (“decedent”) pursuant to a 1999 equitable distribution order (“ED order”) in

which the decedent agreed to place plaintiff as sole primary beneficiary of his survivor

benefit plan (SBP) with the military. The ED order further provided that if decedent

failed to make said election, “an[ ] amount equal to the present value of SBP coverage

for [plaintiff] shall, at the death of [decedent], become an obligation of his estate.”

Defendant, as executrix of decedent’s estate, rejected plaintiff’s claim to the SBP

benefits on 6 April 2017.

 On 7 June 2017, plaintiff commenced this action to enforce her claim against

the estate. On 27 June 2017, defendant filed motions to dismiss the action pursuant

to Rules 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil Procedure, which

the trial court granted in an order entered 23 February 2018. Plaintiff appeals.

 II. Discussion

 In response to plaintiff’s appeal, defendant contends the trial court properly

dismissed the underlying action pursuant to Rule 12(b)(1) because plaintiff failed to

file her claims with the appropriate division of the general court of justice. According

to defendant, the superior court lacked subject matter jurisdiction over plaintiff’s

claims because they implicated an order of equitable distribution. Defendant

specifically contends that “[w]here the District Court has entered a judgment of

equitable distribution” as it had here, “enforcement jurisdiction remains exclusively

 -2-
 WATSON V. JOYNER-WATSON

 Opinion of the Court

with that court.” Thus, the superior court “legitimately dismissed Plaintiff’s claims”

for lack of “subject matter jurisdiction over a District Court proceeding.” We agree.

 Subject matter jurisdiction refers to “the legal power and authority of a court

to make a decision that binds the parties to any matter properly brought before it.”

Catawba Cty. ex rel. Rackley v. Loggins, 370 N.C. 83, 88, 804 S.E.2d 474, 478 (2017)

(quoting In re T.R.P., 360 N.C. 588, 590, 636 S.E.2d 787, 78990 (2006)). Rule 12(b)(1)

requires the dismissal of any action “based upon a trial court’s lack of jurisdiction

over the subject matter of the claim.” N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) (2017);

Catawba Cty., 370 N.C. at 87, 804 S.E.2d at 477. “Our review of an order granting a

Rule 12(b)(1) motion to dismiss is de novo.” Fuller v. Easley, 145 N.C. App. 391, 395,

553 S.E.2d 43, 46 (2001) (citation omitted).

 The jurisdiction and powers of the trial court division, which consists of the

superior and district courts, are governed by Chapter 7A of our General Statutes. See

N.C. Gen. Stat. § 7A-240 et seq. (2017). Pursuant to N.C. Gen. Stat. § 7A-241, the

superior court maintains “[e]xclusive original jurisdiction for the probate of wills and

the administration of decedents’ estates[.]” N.C. Gen. Stat. § 7A-241 (2017). Under

the auspice of the superior court, the personal representative of a decedent’s estate

“must follow the requirements of Chapter 28A, which include . . . paying claims

against the estate,” among other responsibilities. Painter-Jamieson v. Painter, 163

 -3-
 WATSON V. JOYNER-WATSON

 Opinion of the Court

N.C. App. 527, 530, 594 S.E.2d 217, 219 (2004); see generally N.C. Gen. Stat. § 28A

(2017).

 In contrast, the district court exercises subject matter jurisdiction over “civil

actions and proceedings for . . . equitable distribution of property . . . and the

enforcement of separation or property settlement agreements between spouses, or

recovery for the breach thereof.” N.C. Gen. Stat. § 7A-244 (2017). Equitable

distribution is a process that occurs upon the dissolution of a marriage whereby the

district court divides “property acquired during the marriage” among former spouses

“in recognition that marital property and divisible property are species of common

ownership.” Painter-Jamieson, 163 N.C. App. at 532, 594 S.E.2d at 220 (quoting N.C.

Gen. Stat. § 50-20(k)). In addition to liquid assets, equitable distribution applies to

deferred forms of compensation, including “[t]he award of nonvested pension,

retirement, or other deferred compensation benefits[.]” N.C. Gen. Stat § 50-20.1(b)

(2017). Thus, the entire equitable distribution processincluding the enforcement of

an unpaid distributive awardis governed by N.C. Gen. Stat. § 50 et seq. and is under

the authority of the district court pursuant to N.C. Gen. Stat. § 7A-244.

 Difficulty arises in determining which division of the trial court maintains

subject matter jurisdiction over claims involving the enforcement of an equitable

distribution order against the estate of a deceased former spousea dispute that

implicates the subject matter jurisdiction of both the superior and district courts.

 -4-
 WATSON V. JOYNER-WATSON

 Opinion of the Court

With respect to equitable distribution orders entered on or after 1 January 2003, the

legislature addressed this issue by amending N.C. Gen. Stat. § 50-20 to include the

following language: “[t]he provisions of Article 19 of Chapter 28A of the General

Statutes shall be applicable to a claim for equitable distribution against the estate of

the deceased spouse.” N.C. Gen. Stat. § 50-20(l)(2) (2017). This amendment strives

to “allow a claim for equitable distribution to not only survive the death of one of the

spouses, but also to be filed after the death of one of the spouses[.]” North Carolina

Bill Summary, 2003 Reg. Sess. S.B. 394 (June 12, 2003). Notably, the amendment

“modifies the normal estate administration procedure as it relates to equitable

distribution actions” by establishing that “[t]he provisions of the estate

administration law applicable to contingent claims, and satisfaction of claims other

than by payment, do not apply to these equitable distribution actions.” Id. However,

the amendment “does not state it is applicable to pending actions,” and therefore

cannot be “retroactively applied to impinge vested rights” arising from distributive

awards entered prior to 1 January 2003. Painter-Jamieson, 163 N.C. App. at 533,

594 S.E.2d at 221.

 In Painter-Jamieson v. Painter, this Court addressed “the obvious conflict

between the policy of equitable distribution and the application of Chapter 28A to

unpaid distributive awards ordered pursuant to an Equitable Distribution Order”

prior to the amendment to N.C. Gen. Stat. § 50-20. Id. at 531, 594 S.E.2d at 220. The

 -5-
 WATSON V. JOYNER-WATSON

 Opinion of the Court

district court in that case had ordered the plaintiff, as the personal representative of

the decedent’s estate, to pay a distributive award owed by the decedent to the

defendant, who was the decedent’s former spouse. Id. at 528, 594 S.E.2d at 218. The

plaintiff appealed, arguing that the district court lacked subject matter jurisdiction

over the matter. Id. at 528–29, 594 S.E.2d at 218. According to the plaintiff, the

dispute should have been brought before the superior court because “the distributive

award is like any other claim against the estate” that is subject to the priority

schedule for claims set forth in N.C. Gen. Stat. § 28A. Id. In response, the defendant

asserted that her claim was properly before the district court because “the

distributive award represents her portion of the marital property, does not constitute

a claim against the estate, and is not governed by North Carolina estate law.” Id. at

529, 594 S.E.2d at 218.

 This Court affirmed the district court order, reasoning that N.C. Gen. Stat. §

28A “provides that decedent’s estate is comprised of decedent’s assets,” which “do not

include those marital assets awarded to his former spouse.” Id. at 531, 594 S.E.2d at

220. Because “[a] party’s right to an equitable distribution of property from a marital

estate ‘vests at the time of the parties separation’ . . . possession of the distributive

award at the time of his death does not grant [the decedent] the authority to consider

the award as a portion of his estate.” Id. (quoting N.C. Gen. Stat. § 50-20(k)). We

further explained that the application of N.C. Gen. Stat. § 28A to distributive awards

 -6-
 WATSON V. JOYNER-WATSON

 Opinion of the Court

would prejudice the decedent’s former spouse by reducing the distributive award to

“a mere claim against the possessor’s estate”—a result that “conflicts with the essence

of equitable distribution.” Id. at 532, 594 S.E.2d at 220–21. Thus, this Court held

that “under Chapters 28A and 50 . . . [w]here payment is due from a decedent to a

former spouse” pursuant to an equitable distribution order, the personal

representative must separate the surviving spouse’s distributive award prior to

“determin[ing] decedent’s assets” and distributing the remaining estate. Id. at 532–

33, 594 S.E.2d at 221. As a surviving former spouse’s rights arising from a

distributive award against a deceased former spouse are the property of the surviving

spouse, the distributive award owed to the surviving spouse is neither part of the

deceased spouse’s estate nor subject to the traditional procedures governing claims

against the estate. Id. at 532–33, 594 S.E.2d at 221.

 In the instant case, plaintiff cannot recover her unpaid distributive award from

the proceeds of the decedent’s estate. Although plaintiff correctly asserts that

defendant, as executrix of the estate, “assumed the role as the party against whom

Plaintiff would seek enforcement of the award of payments in the equitable

distribution order between the parties,” plaintiff incorrectly cites to N.C. Gen. Stat. §

28A-18-3 as the mechanism for enforcement. Pursuant to N.C. Gen. Stat. § 50-20(k),

rights under an order of equitable distribution “vest[ ] at the time of the parties’

separation.” Thus, as plaintiff and decedent formally separated from each other on

 -7-
 WATSON V. JOYNER-WATSON

 Opinion of the Court

30 September 1992, plaintiff owned “an[ ] amount equal to the present value of SBP

coverage” pursuant to the ED order as of that date.

 In sum, plaintiff already owns her distributive award and must attempt to

enforce her rights through the underlying equitable distribution action, as was the

procedure affirmed by our Court in Painter-Jamieson, rather than by seeking to

collect sums that are excluded from the decedent’s estate. As explained in Painter-

Jamieson, the assets of a decedent’s estate “do not include those marital assets

awarded to [a] former spouse” pursuant to an equitable distribution order. Painter-

Jamieson, 163 N.C. App. at 531, 594 S.E.2d at 220. Unlike the surviving former

spouse in Painter-Jamiesonwho properly recovered her unpaid distributive award

by filing a motion for contempt with the district courtplaintiff in the instant case

attempts to improperly recover her distributive award from the proceeds of decedent’s

estate. Our holding in Painter-Jamieson makes it clear that plaintiff’s distributive

award is her property and is therefore excluded from the proceeds of decedent’s

estate.

 III. Conclusion

 Because the district court maintains authority over the enforcement of an

order of equitable distribution, and because plaintiff’s portion of the SBP is excluded

from the decedent’s estate, the superior court properly dismissed plaintiff’s claims for

lack of subject matter jurisdiction. Accordingly, we affirm the trial court’s dismissal

 -8-
 WATSON V. JOYNER-WATSON

 Opinion of the Court

of plaintiff’s claims pursuant to Rule 12(b)(1), andin light of our holdingwe

decline to address plaintiff’s argument as to Rule 12(b)(6).

 AFFIRMED.

 Judge DAVIS concurs.

 Judge DILLON dissents by separate opinion.

 -9-
No. COA18-524 – Watson v. Joyner-Watson

 DILLON, Judge, dissenting.

 Based on In re Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989), our

panel is required to follow our holding in Painter-Jamieson v. Painter, 163 N.C. App.

527, 532-33, 594 S.E.2d 217, 221 (2004), that a distributive award is not part of the

payor-spouse’s estate. Our panel is following Painter, as we should. However, I write

separately to dissent because I believe Painter was wrongfully decided and, in

following Painter, Plaintiff has no remedy.

 This matter involves two actions between the same parties, both of which are

on appeal before our Court. Both parties were married to the same man (the

“Decedent”) at different times.

 Plaintiff (“First Wife”) was the Decedent’s first wife. Defendant (“Second

Wife”) was Decedent’s second wife and is his widow. When First Wife divorced

Decedent, the district court entered an equitable distribution order awarding First

Wife the survivor benefits from a military survivor benefit plan (the “SBP”) in their

divorce proceeding which was commenced in 1994. The order also provided that if

Decedent failed to effect the transfer of the SBP benefits to First Wife, First Wife

would be entitled to a distributive award from Decedent’s estate in the amount equal

to the SBP benefit.

 Decedent never effectuated the transfer of the SBP benefits to First Wife;

rather, he named Second Wife as the beneficiary of his SBP benefits.
 WATSON V. JOYNER-WATSON

 DILLON, J., dissenting

 Second Wife is the executor of Decedent’s estate. First Wife made a claim in

Decedent’s estate proceeding for the distributive award. Second Wife, in her role as

executor, denied the claim. So First Wife brought this action (which is the subject of

this appeal – COA 18-524) to enforce her claim. Her claim was dismissed. Because

of Painter, we are compelled to affirm based on Painter’s holding that her distributive

award is not part of Decedent’s estate, but is rather her property that Decedent

happened to be holding at the time of his death.

 First Wife, though, also filed a contempt motion in the 1994 district court

action to hold her already-deceased husband in contempt for failing to name her as a

beneficiary of the SBP. First Wife served the motion on Second Wife, as executor of

Decedent’s estate. The district court entered an order directing Second Wife to turn

over the SBP benefits to First Wife. Second Wife appealed in a separate appeal (COA

18-341). In that appeal, we are reversing the district court’s order based on the fact

that federal law dictates that the SBP benefits are the property of Second Wife and

that the district court is, therefore, powerless to direct Second Wife to part with her

property to satisfy an obligation of Decedent.

 For the reasons explained below, I believe Painter was wrongfully decided.

And in this case, Painter leaves First Wife with essentially no remedy.

 The purpose of an equitable distribution proceeding under Chapter 50 is to

identify, classify, and distribute marital/divisible property. N.C. Gen. Stat. § 50-20

 2
 WATSON V. JOYNER-WATSON

 DILLON, J., dissenting

(1994). Once marital/divisible property has been distributed, that property becomes

the sole property of the spouse to whom it was distributed. Id.

 The purpose of an estate proceeding under Chapter 28A is to distribute the

assets owned by the deceased. See N.C. Gen. Stat. § 28A-22-1 (1994); accord Azalea

Garden Bd. & Care, Inc. v. Vanhoy, 196 N.C. App 376, 390, 675 S.E.2d 122, 131

(2009).

 But where the deceased has marital/divisible property that is subject to an

ongoing Chapter 50 equitable distribution proceeding, it is first the duty of the district

court to divide the marital/divisible property between the deceased spouse and his

widow. See N.C. Gen. Stat. § 50-20(l) (1994); see also N.C. Gen. Stat. § 28A-19-19

(1994). Once the marital/divisible property has been divided, then it is the duty of

the executor of the deceased spouse in the Chapter 28A proceeding to distribute the

deceased spouse’s assets, including the assets which were his separate property and

the marital/divisible assets which were distributed to him in the Chapter 50

proceeding. Id.

 Turning to my issue with Painter, under Chapter 50, the district court divides

marital/divisible property. As the Painter court recognized, in the process of equitable

distribution, an “in-kind” distribution of property is preferred. Painter, 163 N.C. App.

at 529, 594 S.E.2d at 219. An “in-kind” distribution means that the district court has

been able to achieve an equitable distribution simply by distributing some of the

 3
 WATSON V. JOYNER-WATSON

 DILLON, J., dissenting

marital/divisible property to one spouse and the rest of the marital/divisible property

to the other spouse.

 But in some circumstances, an equitable distribution cannot be achieved

because of the nature of the marital/divisible property. For instance, the

marital/divisible property may include a large asset which cannot be divided and

which should not be sold; e.g., an interest on a family business or the marital home.

In those circumstances, the trial court is allowed to make an “inequitable”

distribution of the marital/divisible property – by distributing a larger portion of

those assets to one of the spouses – and then provide for a “distributive award,”

whereby the spouse receiving a greater share of the marital/divisible property (the

“payor-spouse”) is required to pay money to the other spouse (the “payee-spouse”),

either up front or over time, to make up the difference. N.C. Gen. Stat. § 50-20(b)(3)

(1994).

 A “distributive award,” however, does not represent a distribution of any

specific marital/divisible property, as all of the marital/divisible property has already

been distributed. And the award cannot represent a distribution of the payor-

spouse’s separate property, as the district court does not distribute separate property

in an equitable distribution proceeding. Rather, the distributive award is an

obligation of the payor-spouse to pay money out from his1 assets, whether from his

 1 The masculine pronoun is used here, as the payor-spouse in the present case is the Decedent
husband.

 4
 WATSON V. JOYNER-WATSON

 DILLON, J., dissenting

separate property,2 from marital/divisible property he was distributed,3 or from

income he earns/receives in the future.

 Therefore, if a payor-spouse dies still owing payments under a distributive

award, the payee-spouse can enforce the payor-spouse’s obligation by making a claim

from the assets of the payor-spouse’s estate. The payee-spouse would, though, have

to stand in line with the other creditors of the payor-spouse pursuant to Chapter 28A.

The district court has no jurisdiction in a Chapter 50 action to compel the distribution

of property in the payor-spouse’s estate.4

 This seems to have been of concern in Painter, that the payee-spouse in that

case would have to stand in line with other claimants and that she, therefore, might

 2 The trial court may consider the payor-spouse’s separate property when making a
distributive award to the payee-spouse. Comstock v. Comstock, 240 N.C. App. 304, 321, 771 S.E.2d
602, 614 (2015) (holding that though payor-spouse’s IRA was not marital property, and therefore was
not subject to equitable distribution, the IRA “was available a resource [of the payor-spouse] from
which the trial court could order a distributive award”).
 3 The trial court may consider the payor-spouse’s ability to refinance the marital home he was

awarded to provide cash to pay a distributive award to his ex-wife. Peltzer v. Peltzer, 222 N.C. App.
784, 791-92, 732 S.E.2d 357, 362-63 (2012). The point being is that the payor-spouse can pay the
award from any of his sources, but that in making the award, the trial court determined that the
husband had the ability to pay it through one source, the refinance of the marital home he received.
Of course, if the payor-spouse had failed to make the payment, his ex-wife could have moved in the
cause for a contempt order, compelling her ex-husband to pay her the award. And if at any such
contempt hearing, her ex-husband is able to show that he, in fact, had no present ability to pay the
award because he was unable to refinance the house (due to bad credit, etc.), the ex-wife could perhaps
sue to reduce the award obligation to a judgment, which could be docketed. Further, in making the
award, the trial court in its equitable distribution order could secure the future award obligation with
the marital home or other assets of the payor-spouse. N.C. Gen. Stat. § 50-20(e) (“The court may
provide that any distributive award payable over a period of time be secured by a lien on specific
property.”)
 4 Of course, if the district court in a Chapter 50 proceeding has already awarded some specific

asset to the surviving spouse in the equitable distribution order and that asset is still held by the
deceased spouse at the time of his death, that asset would not be part of the estate but would be the
property of the surviving spouse.

 5
 WATSON V. JOYNER-WATSON

 DILLON, J., dissenting

not be fully paid her award out of the assets in her ex-husband’s estate. The Painter

court, therefore, created a remedy in that case by holding that some of the assets held

by the payor-spouse at death would be deemed to actually be the assets of the payee-

spouse, and, therefore, not part of the payor-spouse’s estate subject to Chapter 28A.

I believe that this “remedy” is not proper for a number of reasons.

 First, the remedy ignores the statutory scheme of equitable distribution, that

all of the marital/divisible property has already been distributed. The distributive

award itself is not an award of any specific property. Rather, it is merely an

obligation of the payor-spouse to pay money from his assets.

 Second, the General Assembly has already provided a means to protect a

payee-spouse from non-payment of a distributive award. Specifically, the trial court

can secure the distributive award by placing a lien on specific property owned by the

payor-spouse. N.C. Gen. Stat. § 50-20(e) (“The court may provide that any

distributive award payable over a period of time be secured by a lien on specific

property.”)5 The trial court can secure the award at the time the award is made. For

instance, if the payor-spouse is being distributed the marital home and there are not

enough other marital/divisible assets to achieve equity, the trial court may make a

distributive award and secure that award with a lien on the marital home; if the

 5 The fact that the General Assembly provides that a lien may be placed on assets to secure a
distributive award is a strong indication that the General Assembly intended a distributive award to
be considered an obligation of the payor-spouse to pay out of his assets.

 6
 WATSON V. JOYNER-WATSON

 DILLON, J., dissenting

payor-spouse or his estate falls behind on paying the award, the payee-spouse could

enforce the lien to satisfy the obligation. Alternatively, the trial court can secure the

award sometime after the award is made. For instance, if the payor-spouse inherits

an asset after the divorce, the payee-spouse can move the trial court in the cause to

secure a previously unsecured obligation to pay a distributive award with the

inherited asset.

 Third, the remedy required by Painter would be unworkable or produce

unintended outcomes in many instances. Specifically, Painter directs that the

administrator of the payor-spouse’s estate must separate out a portion of the assets

that were held by the payor-spouse at death and to treat that portion as the property

of the payee-spouse. Where the estate contains illiquid assets, which assets would

belong to the payee-spouse and not be part of the estate?

 Consider, if a payor-spouse who owed $100,000 of a distributive award and

died owning two assets worth $100,000; one, he is leaving to his brother and the other

to his sister. Would both buildings have to be sold, with $50,000 coming from the

proceeds of each asset? Or could one be sold to satisfy the obligation? Which heir

would be forced to lose out? Is it up to the executor? In other words, the distributive

award is not tied to any specific property.

 Or consider if the payor-spouse died with a $200,000 asset (e.g., building or

stock account) with a $150,000 lien against it? Would the payee-spouse be entitled

 7
 WATSON V. JOYNER-WATSON

 DILLON, J., dissenting

to the first $100,000 from the sale of that asset under the fiction that this portion is

her property, leaving the lienholder undersecured?

 Equitable distribution is intended to distribute specific marital/divisible

property. But a distributive award is not tied to any specific property (though it may

be secured by specific property) and is paid out of the payor-spouse’s own property or

future income. And when the payor-spouse dies, it would not be uncommon for most

or all of the assets held by him at death to be assets that he acquired well after the

divorce.

 Painter has only been cited once, in an unpublished North Carolina decision;

and it was not cited for the issue which I discuss here. In re Estate of Van Lindley,

2007 N.C. App. LEXIS 1731, *19-20 (N.C. Ct. App. Aug. 7, 2007).

 In the present case, Decedent’s estate has the obligation to pay First Wife an

“amount equal to the present value of the SBP coverage[.]” But for the Painter

decision, I believe First Wife has followed the proper procedure. She made a claim in

Decedent’s estate pursuant to Chapter 28A, to seek some of the assets of Decedent to

satisfy her claim. And when her claim was rejected by the executor, she filed this

action against the executor, as required under Chapter 28A. As her claim was not

secured by the trial court in the Chapter 50 proceeding in the equitable distribution

action, though, she would presumably have to stand in line with the other creditors

who may also have a claim against Decedent, as provided under Chapter 28A.

 8
 WATSON V. JOYNER-WATSON

 DILLON, J., dissenting

 I do not believe First Wife has any meaningful remedy in the Chapter 50

action. It is unclear exactly what the district court could order the executor to do as

it has no jurisdiction to direct Second Wife to distribute any specific asset belonging

to Decedent’s estate.6

 I encourage our Supreme Court to bring clarity to the application of Chapter

28A where a “distributive award” has been made in a previous Chapter 50 action.

And if this matter is not appealed to the Supreme Court, I encourage the General

Assembly to consider the law in light of Painter.

 6 Of course, as stated above, had Decedent died before marital/divisible property had been
distributed under Chapter 50, then it is the role of the district court in a Chapter 50 action to divide
the marital/divisible property. And once divided, then it would be the role of the executor under
Chapter 28A to further distribute that property along with Decedent’s separate property. But here,
the marital/divisible property was distributed under Chapter 50 in 1999.

 9