ELMORE, Judge.
*393 Plaintiff Leola S. Watson appeals from an order granting defendant Janice R. Joyner-Watson's motions to dismiss plaintiff's claims for breach of contract, quantum meruit, constructive fraud, and constructive trust pursuant to Rules 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil Procedure. On appeal, plaintiff contends the trial court erred in concluding that it lacked jurisdiction over the action. We affirm.
*394 I. Background
On 6 January 2017, plaintiff filed a claim against the estate of Richard D. Watson ("decedent") pursuant to a 1999 equitable distribution order ("ED order") in which the decedent agreed to place plaintiff as sole primary beneficiary of his survivor benefit plan (SBP) with the military. The ED order further provided that if decedent failed to make said election, "an[ ] amount equal to the present value of SBP coverage for [plaintiff] shall, at the death of [decedent], become an obligation of his estate." Defendant, as executrix of decedent's estate, rejected plaintiff's claim to the SBP benefits on 6 April 2017.
On 7 June 2017, plaintiff commenced this action to enforce her claim against the estate. On 27 June 2017, defendant filed motions to dismiss the action pursuant to Rules 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil Procedure, which the trial court granted in an order entered 23 February 2018. Plaintiff appeals.
II. Discussion
In response to plaintiff's appeal, defendant contends the trial court properly dismissed the underlying action pursuant to Rule 12(b)(1) because plaintiff failed to file her claims with the appropriate division of the general court of justice. According to defendant, the superior court lacked subject matter jurisdiction over plaintiff's claims because they implicated an order of equitable distribution. Defendant specifically contends that "[w]here the District Court has entered a *124 judgment of equitable distribution" as it had here, "enforcement jurisdiction remains exclusively with that court." Thus, the superior court "legitimately dismissed Plaintiff's claims" for lack of "subject matter jurisdiction over a District Court proceeding." We agree.
Subject matter jurisdiction refers to "the legal power and authority of a court to make a decision that binds the parties to any matter properly brought before it." Catawba Cty. ex rel. Rackley v. Loggins, 370 N.C. 83, 88, 804 S.E.2d 474, 478 (2017) (quoting In re T.R.P. , 360 N.C. 588, 590, 636 S.E.2d 787, 789-90 (2006) ). Rule 12(b)(1) requires the dismissal of any action "based upon a trial court's lack of jurisdiction over the subject matter of the claim." N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) (2017) ; Catawba Cty. , 370 N.C. at 87, 804 S.E.2d at 477. "Our review of an order granting a Rule 12(b)(1) motion to dismiss is de novo ." Fuller v. Easley , 145 N.C. App. 391, 395, 553 S.E.2d 43, 46 (2001) (citation omitted).
The jurisdiction and powers of the trial court division, which consists of the superior and district courts, are governed by Chapter 7A of *395 our General Statutes. See N.C. Gen. Stat. § 7A-240 et seq . (2017). Pursuant to N.C. Gen. Stat. § 7A-241, the superior court maintains "[e]xclusive original jurisdiction for the probate of wills and the administration of decedents' estates[.]" N.C. Gen. Stat. § 7A-241 (2017). Under the auspice of the superior court, the personal representative of a decedent's estate "must follow the requirements of Chapter 28A, which include ... paying claims against the estate," among other responsibilities. Painter-Jamieson v. Painter , 163 N.C. App. 527, 530, 594 S.E.2d 217, 219 (2004) ; see generally N.C. Gen. Stat. § 28A (2017).
In contrast, the district court exercises subject matter jurisdiction over "civil actions and proceedings for ... equitable distribution of property ... and the enforcement of separation or property settlement agreements between spouses, or recovery for the breach thereof." N.C. Gen. Stat. § 7A-244 (2017). Equitable distribution is a process that occurs upon the dissolution of a marriage whereby the district court divides "property acquired during the marriage" among former spouses "in recognition that marital property and divisible property are species of common ownership." Painter-Jamieson , 163 N.C. App. at 532, 594 S.E.2d at 220 (quoting N.C. Gen. Stat. § 50-20(k) ). In addition to liquid assets, equitable distribution applies to deferred forms of compensation, including "[t]he award of nonvested pension, retirement, or other deferred compensation benefits[.]" N.C. Gen. Stat. § 50-20.1(b) (2017). Thus, the entire equitable distribution process-including the enforcement of an unpaid distributive award-is governed by N.C. Gen. Stat. § 50 et seq . and is under the authority of the district court pursuant to N.C. Gen. Stat. § 7A-244.
Difficulty arises in determining which division of the trial court maintains subject matter jurisdiction over claims involving the enforcement of an equitable distribution order against the estate of a deceased former spouse-a dispute that implicates the subject matter jurisdiction of both the superior and district courts. With respect to equitable distribution orders entered on or after 1 January 2003, the legislature addressed this issue by amending N.C. Gen. Stat. § 50-20 to include the following language: "[t]he provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse." N.C. Gen. Stat. § 50-20(l )(2) (2017). This amendment strives to "allow a claim for equitable distribution to not only survive the death of one of the spouses, but also to be filed after the death of one of the spouses[.]" North Carolina Bill Summary, 2003 Reg. Sess. S.B. 394 (June 12, 2003). Notably, the amendment "modifies the normal estate administration procedure *396 as it relates to equitable distribution actions" by establishing that "[t]he provisions of the estate administration law applicable to contingent claims, and satisfaction of claims other than by payment, do not apply to these equitable distribution actions." Id. However, the amendment "does not state it is applicable to pending actions," and therefore cannot be "retroactively applied to impinge vested rights" arising from distributive *125 awards entered prior to 1 January 2003. Painter-Jamieson , 163 N.C. App. at 533, 594 S.E.2d at 221.
In Painter-Jamieson v. Painter , this Court addressed "the obvious conflict between the policy of equitable distribution and the application of Chapter 28A to unpaid distributive awards ordered pursuant to an Equitable Distribution Order" prior to the amendment to N.C. Gen. Stat. § 50-20. Id. at 531, 594 S.E.2d at 220. The district court in that case had ordered the plaintiff, as the personal representative of the decedent's estate, to pay a distributive award owed by the decedent to the defendant, who was the decedent's former spouse. Id . at 528, 594 S.E.2d at 218. The plaintiff appealed, arguing that the district court lacked subject matter jurisdiction over the matter. Id . at 528-29, 594 S.E.2d at 218. According to the plaintiff, the dispute should have been brought before the superior court because "the distributive award is like any other claim against the estate" that is subject to the priority schedule for claims set forth in N.C. Gen. Stat. § 28A. Id . In response, the defendant asserted that her claim was properly before the district court because "the distributive award represents her portion of the marital property, does not constitute a claim against the estate, and is not governed by North Carolina estate law." Id. at 529, 594 S.E.2d at 218.
This Court affirmed the district court order, reasoning that N.C. Gen. Stat. § 28A "provides that decedent's estate is comprised of decedent's assets," which "do not include those marital assets awarded to his former spouse." Id . at 531, 594 S.E.2d at 220. Because "[a] party's right to an equitable distribution of property from a marital estate 'vests at the time of the parties separation' ... possession of the distributive award at the time of his death does not grant [the decedent] the authority to consider the award as a portion of his estate." Id . (quoting N.C. Gen. Stat. § 50-20(k) ). We further explained that the application of N.C. Gen. Stat. § 28A to distributive awards would prejudice the decedent's former spouse by reducing the distributive award to "a mere claim against the possessor's estate"-a result that "conflicts with the essence of equitable distribution." Id. at 532, 594 S.E.2d at 220-21. Thus, this Court held that "under Chapters 28A and 50 ... [w]here payment is due from a decedent to a former spouse" pursuant to an equitable *397 distribution order, the personal representative must separate the surviving spouse's distributive award prior to "determin[ing] decedent's assets" and distributing the remaining estate. Id . at 532-33, 594 S.E.2d at 221. As a surviving former spouse's rights arising from a distributive award against a deceased former spouse are the property of the surviving spouse, the distributive award owed to the surviving spouse is neither part of the deceased spouse's estate nor subject to the traditional procedures governing claims against the estate. Id . at 532-33, 594 S.E.2d at 221.
In the instant case, plaintiff cannot recover her unpaid distributive award from the proceeds of the decedent's estate. Although plaintiff correctly asserts that defendant, as executrix of the estate, "assumed the role as the party against whom Plaintiff would seek enforcement of the award of payments in the equitable distribution order between the parties," plaintiff incorrectly cites to N.C. Gen. Stat. § 28A-18-3 as the mechanism for enforcement. Pursuant to N.C. Gen. Stat. § 50-20(k), rights under an order of equitable distribution "vest[ ] at the time of the parties' separation." Thus, as plaintiff and decedent formally separated from each other on 30 September 1992, plaintiff owned "an[ ] amount equal to the present value of SBP coverage" pursuant to the ED order as of that date.
In sum, plaintiff already owns her distributive award and must attempt to enforce her rights through the underlying equitable distribution action, as was the procedure affirmed by our Court in Painter-Jamieson , rather than by seeking to collect sums that are excluded from the decedent's estate. As explained in Painter-Jamieson , the assets of a decedent's estate "do not include those marital assets awarded to [a] former spouse" pursuant to an equitable distribution order. Painter-Jamieson , 163 N.C. App. at 531, 594 S.E.2d at 220. Unlike the surviving former spouse in *126 Painter-Jamieson -who properly recovered her unpaid distributive award by filing a motion for contempt with the district court-plaintiff in the instant case attempts to improperly recover her distributive award from the proceeds of decedent's estate. Our holding in Painter-Jamieson makes it clear that plaintiff's distributive award is her property and is therefore excluded from the proceeds of decedent's estate.
III. Conclusion
Because the district court maintains authority over the enforcement of an order of equitable distribution, and because plaintiff's portion of the SBP is excluded from the decedent's estate, the superior court *398 properly dismissed plaintiff's claims for lack of subject matter jurisdiction. Accordingly, we affirm the trial court's dismissal of plaintiff's claims pursuant to Rule 12(b)(1), and-in light of our holding-we decline to address plaintiff's argument as to Rule 12(b)(6).
AFFIRMED.
Judge DAVIS concurs.
Judge DILLON dissents by separate opinion.