Forsythe v. N.C. Dep't of Revenue, 2022 NCBC 49A.

STATE OF NORTH CAROLINA

WAKE COUNTY

CRAIG FORSYTHE and TAMMY
FORSYTHE,

        Petitioners,

v.

THE NORTH CAROLINA
DEPARTMENT OF REVENUE,

        Respondent,

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20 CVS 10452

**ORDER AND OPINION ON
RESPONDENT'S MOTION TO
DISMISS AND PETITIONERS'
MOTIONS [CORRECTED]**

1. This case—involving both a request for judicial review of a contested tax case under N.C.G.S. § 105-241.16 as well as a constitutional challenge to a tax statute under N.C.G.S. § 105-241.17—has taken a circuitous path to reach this Court. As explained below, that path—involving the case shifting back and forth between the regular docket of the Wake County Superior Court and the Business Court—is the result of Petitioners Craig and Tammy Forsythe's ("Petitioners") failure to timely comply with the procedures of N.C.G.S. § 7A-45.4(d) for mandatory complex business case designation under N.C.G.S. § 7A-45.4(b)(1). That failure has deprived the Court of subject matter jurisdiction to hear Petitioners' claims under either section 105-241.16 or 105-241.17, necessitating dismissal of Petitioners' claims against Respondent North Carolina Department of Revenue (the "Department") with prejudice.

2. There are presently six motions pending before the Court:

    a. Respondent's Motion to Dismiss Petitioner's Petition for Judicial Review, (ECF No. 41), ("Respondent's Motion");

b. Petitioner's Motion to Proceed with Judicial Review and Civil Action as Ordered, (ECF No. 31);

c. Petitioner's Motion to Proceed with Judicial Review and Civil Action in the Alternative, (ECF No. 33);

d. Petitioner's Motion to Accept and Continue the Originally Filed Petition as Both a Petition for Judicial Review Under N.C.G.S. § 105-241.16 and as a Civil Action Under N.C.G.S. § 105-241.17, (ECF No. 35);

e. Petitioner's Motion to Reconsider the State Defendants' Dismissal and to Reinstate All State Defendants as Originally Filed, (ECF No. 37); and

f. Petitioner's Motion to Reverse the Office of Administrative Hearings' Final Decision Due to Reliance on Invalid Source of Law, (ECF No. 39), (together with the motions identified in paragraphs 1(b)–(d) above, "Petitioner's Motions").

3. Having considered Respondent's Motion and Petitioner's Motions (together, the "Motions), the related briefing, and the arguments of counsel at the hearing on the Motion, the Court hereby **GRANTS** Respondent's Motion, **DISMISSES** Petitioners' Petition for Judicial Review with prejudice, and **DENIES** Petitioner's Motions as moot, all as set forth below.

*Petitioners Craig Forsythe and Tammy Forsythe, Pro se.*

*North Carolina Department of Justice, by Special Deputy Attorney General Ashley Hodges Morgan, for Respondent North Carolina Department of Revenue.*

Bledsoe, Chief Judge.

I.

FINDINGS OF FACT

4.      The Court is required to make findings of fact on a motion under Rule 12(b)(1) of the North Carolina Rules of Civil Procedure (the "Rule(s)") only when requested to do so by the parties, *see* N.C.G.S. § 1A-1, Rule 52(a)(2).  No such request has been made here, but the Court nonetheless makes the following findings of fact for purposes of resolving the Motions, all of which are undisputed and fully supported by the filings reflected on the Court's docket and in the Final Administrative Record, filed on 3 August 2022, (ECF No. 49.).

5.      The Department is an agency of the State of North Carolina responsible for collecting the State's tax funds and administering the tax laws set forth in Subchapter I of Chapter 105 of the North Carolina General Statutes.  N.C.G.S. § 143B-218.  This matter arises from Petitioners' challenge to the Department's denial of their request for a refund of the taxes they paid on the retirement benefits Petitioner Craig Forsythe received under the North Carolina Teachers' and State Employees' Retirement System ("TSERS") in tax year 2016.[1]

6.      Petitioners, proceeding *pro se*, timely initiated a contested tax case in the Office of Administrative Hearings ("OAH") challenging the Department's determination and, as part of that action, raised a facial constitutional challenge to a tax statute, N.C.G.S. § 105-153.5(b)(5)(a), contending that the statute

---

[1] (Resp't Br. Supp. Mot. Dismiss ¶ 2, ECF No. 42); OAH File No. 19 REV 00598 ¶ 2.

unconstitutionally delegated State taxing authority to the Supreme Court of North Carolina.[2]

7.     On 20 August 2020, OAH Administrative Law Judge Tenisha S. Jacobs entered a Final Decision granting the Department's motion for summary judgment, concluding that the Department's denial of Petitioners' request for a refund was proper, and dismissing Petitioners' constitutional challenge for lack of jurisdiction.[3]

8.     On 16 September 2020, Petitioners, again proceeding *pro se*, timely filed a Petition for Judicial Review in Wake County Superior Court raising the same request for a refund and the same facial constitutional challenge to section 105-153.5(b)(5)(a) as they did before the OAH.[4]  Rather than file a Notice of Designation contemporaneously with their Petition as required by section 7A-45.4(d), however, Petitioners did not file a Notice of Designation in this action until 15 October 2020,[5] twenty-nine days after the Petition was filed.

---

[2] OAH File No. 19 REV 00598 ¶ 11.

[3] OAH File No. 19 REV 00598  at ¶ 12.

[4] (Pet. Judicial Review, ECF No. 2.)  In addition to the Department, Petitioners named as Respondent-Defendants Ronald G. Penny, in his capacity as Secretary of the North Carolina Department of Revenue; the North Carolina Department of State Treasurer, Dale R. Folwell, in his capacity as Treasurer of the State of North Carolina; the North Carolina House of Representatives, Tim Moore, in his capacity as Speaker of the House, North Carolina General Assembly; and the North Carolina Senate, Phil Berger, in his capacity as President Pro Tempore, North Carolina General Assembly (the "State Respondents").

[5] (Notice Designation, ECF No. 3.)

9.      On 16 October 2020, then-Chief Justice of the Supreme Court of North Carolina, the Honorable Cheri L. Beasley, entered a Determination Order directing this Court to:

> ascertain whether the action is (1) properly designated as a mandatory complex business case in accord with N.C.G.S. 7A-45.4(b), and if so, to assign the case to a Special Superior Court Judge for Complex Business Cases; or (2) if not so properly designated, to advise the Senior Resident Superior Court Judge of Judicial District 10 so that the action may then be treated as any other civil action, wherein designation as a Rule 2.1 exceptional case may be pursued with the Senior Resident Judge.[6]

10.     Later that same day, the Court entered its Order on Designation, concluding that "[t]he contemporaneous filing requirement of section 7A-45.4(d)(1) is mandatory, and Petitioners' failure to comply with that requirement render[ed] the Notice of Designation untimely." The Court therefore determined that the action was "not properly designated as a mandatory complex business case in accord with N.C.G.S. § 7A-45.4(d)(1) and thus [would] not be assigned to a Special Superior Court Judge for Complex Business Cases." Consistent with the Determination Order, the Court also advised "the Senior Resident Superior Court Judge of Judicial District 10 that this action [was] not properly designated as a mandatory complex business case so that the action may be treated as any other civil action, wherein designation as a Rule 2.1 exceptional case may be pursued with the Senior Resident Judge."[7]

11.     The case thereafter proceeded on the regular docket of the Wake County Superior Court. On 18 November 2020, the Department moved to dismiss the

---

[6] (Determination Order, ECF No. 1.)

[7] (Order Designation, ECF No. 4.)

Petition against the Department and the State Respondents.[8] The motion came on for hearing before Wake County Superior Court Judge, the Honorable A. Graham Shirley, II, on 10 March 2022, and, on 5 April 2022, Judge Shirley dismissed the Petition against the State Respondents, stayed the action against the Department pursuant to N.C.G.S. § 7A-45.4(g), declined to consider dismissal of the Petition against the Department, and recommended to the Chief Justice that the case be designated as a mandatory complex business case under section 7A-45.4(b)(1) and assigned to a Business Court Judge.[9]

12. On 27 April 2022, the Chief Justice of the Supreme Court of North Carolina, the Honorable Paul M. Newby, issued an order designating this case as "mandatory complex business," pursuant to N.C.G.S. § 7A-45.4(b).[10] The case was thereafter assigned to the undersigned.[11]

13. The parties filed the Motions on 1 July 2022, and after full briefing, the Court held a hearing on the Motions on 1 September 2022.[12] The Motions are ripe for resolution.

---

[8] (Order ¶ 9; ECF No. 8.)

[9] (Order ¶¶ 10–23, ECF No. 8.)

[10] (Designation Order, ECF No. 6.)

[11] (Assignment Order, ECF No. 7.)

[12] (Am. Notice Hr'g, ECF No. 44.)

## LEGAL ANALYSIS

14. The Court first addresses Respondent's Motion to Dismiss, which challenges the Court's subject matter jurisdiction to consider the matters raised in the Petition under Rule 12(b)(1).[13]

15. "Subject-matter jurisdiction . . . refers to a tribunal's 'power to hear a case[.]' " *Union Pac. R.R. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment*, 558 U.S. 67, 81 (2009) (citations omitted); *see Catawba Cty. v. Loggins*, 370 N.C. 83, 88 (2017) (defining subject matter jurisdiction as " '[j]urisdiction over the nature of the case and the type of relief sought' ") (citations omitted; alteration in original). Rule 12(b)(1) "requires the dismissal of any action 'based upon a trial court's lack of jurisdiction over the subject matter of the claim.' " *Watson v. Joyner-Watson*, 263 N.C. App. 393, 394 (2018) (quoting N.C. R. Civ. P. 12(b)(1)). In ruling on a motion under Rule 12(b)(1), the Court must "view the allegations [of the petition] as true and the supporting record in the light most favorable to the non-moving party." *Mangum v. Raleigh Bd. of Adjustment*, 362 N.C. 640, 644 (2008).

16. Here, the relevant facts are not in dispute and are dispositive. Petitioners have sought judicial review of the OAH's determination to uphold the Department's denial of Petitioners' refund request. Petitioners' request for judicial review is therefore governed by section 105-241.16. In the same Petition, Petitioners seek to advance their facial constitutional challenge to section 105-153.5(b)(5)(a).

---

[13] (Resp't's Mot. Dismiss, ECF No. 41.)

Petitioners' constitutional challenge to this tax statute is therefore subject to the requirements of section 105-241.17.[14]

17. Both sections require that a taxpayer comply with the designation procedures and requirements of section 7A-45.4(b)–(f) as a mandatory precondition to proceed under each section. *See* section 105-241.16 ("a petition for judicial review must be filed in the Superior Court of Wake County and in accordance with the procedures for a mandatory business case set forth in G.S. 7A-45.4(b) through (f)"); section 105-241.17 ("In filing an action under this section, a taxpayer must follow the procedures for a mandatory business case set forth in G.S. 7A-45.4(b) through (f).").

18. The requirement to comply with section 7A-45.4(b)–(f) is jurisdictional, not discretionary. *See In re State ex rel. Employment Sec. Com.*, 234 N.C. 651, 653 (1951) (an administrative "appeal must conform to the statute granting the right and regulating the procedure. The statutory requirements are mandatory and not directory.[15] They are conditions precedent to obtaining a review by the courts and must be observed. Noncompliance therewith requires dismissal.") (cleaned up);

---

[14] The Court recognizes that section 105-241.16 concerns a petition for judicial review in which the trial court sits as an appellate court engaging in de novo review, *see, e.g.*, *Meza v. Div. of Soc Servs.*, 364 N.C. 61, 75 (2010) (when the trial court "exercises judicial review over an agency's final decision, it acts in the capacity of an appellate court") (cleaned up), while section 105-241.17 concerns a civil action in the trial division in the first instance. For current purposes, the Court assumes without deciding that the Petition suffices to advance Petitioners' claims under both sections.

[15] A "directory statute" is "a law that indicates only what should be done, with no provision for enforcement." *Statute*, Black's Law Dictionary (11th ed. 2019); *see also Catawba Cty. v. Loggins*, 370 N.C. 83, 95 (2017) (" 'Generally speaking, those provisions which are a mere matter of form, or which are not material, do not affect any substantial right, and do not relate to the essence of the thing to be done so that compliance is a matter of convenience rather than substance, are considered to be directory.' ") (citing *State v. House*, 295 N.C. 189, 203 (1978)).

*Reynolds v. Motley*, 96 N.C. App. 299, 304 (1989) (no subject matter jurisdiction where statutory prerequisite unsatisfied).

19.     Section 7A-45.4(d) expressly and unambiguously requires that "[t]he Notice of Designation shall be filed: (1) by the plaintiff . . . or the petitioner for judicial review contemporaneously with the filing of the complaint . . . or the petition for judicial review in the action." *See, e.g., MDG Constr. Servs., Ltd. v. MDG Roofing & Contracting, LLC*, 2019 NCBC LEXIS 80 (N.C. Super. Ct. Apr. 29, 2019) (determining designation was improper when the notice of designation was filed two days after the filing of the complaint). It is undisputed that Petitioners filed their Notice of Designation twenty-nine days after they filed their Petition. As a result, Petitioners have failed to comply with the mandatory requirements of both sections 105-241.16 and 105-241.17, precluding them from proceeding under either section against the Department.

20.     It is well-settled that the State is immune from suit unless it expressly consents to be sued. *E.g., Smith v. State*, 289 N.C. 303, 309–10 (1976). This immunity also extends to "departments, institutions, and Agencies of the State." *Jones v. Pitt Cty. Mem'l Hosp., Inc.*, 104 N.C. App. 613, 616 (1991). Given that the State has waived sovereign immunity here only to the extent that the requirements of the statutory sections referenced above are met, *see RPR & Assocs. v. State*, 139 N.C. App. 525, 528 (2000) ("The State's sovereign immunity is only waived to the extent the procedures prescribed by the statute are strictly followed."), Petitioners' failure to comply with section 7A-45.4(d) necessarily divests the Court of subject matter

jurisdiction to hear the issues raised in the Petition. *See, e.g.*, *Battle Ridge Cos. v. N.C. Dep't of Transp.*, 161 N.C. App. 156, 157 (2003), *rev. denied*, 358 N.C. 233 (2004) ("Our courts have held that the defense of sovereign immunity is a Rule 12(b)(1) defense."). The Court therefore has no choice but to dismiss the Petition for lack of subject matter jurisdiction under Rule 12(b)(1).

21. And because 7A-45.4(b)(1) mandates that this action—an "action involving a material issue related to tax law that has been the subject of a contested tax case for which judicial review is requested under G.S. 105-241.16" as well as "a civil action under G.S. 105-241.17 containing a constitutional challenge to a tax statute"—can only proceed as a mandatory complex business case before a Business Court Judge, there is no other forum available to Petitioners to advance the claims raised in the Petition.

22. Accordingly, although "[a] dismissal for lack of jurisdiction is generally a dismissal without prejudice" to permit a plaintiff to pursue the dismissed claims in a different forum, *N.C. Acupuncture Licensing Bd. v. N.C. Bd. Of Physical Therapy Examiners*, 2016 NCBC LEXIS 33, *27 (N.C. Super. Ct. Apr. 26, 2016), the fact that Petitioners cannot cure their procedural default or proceed in any other forum requires that Petitioners' Petition and all claims advanced therein be dismissed with prejudice. *See, e.g.*, *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)[16]

---

[16] North Carolina courts routinely look to federal decisions for guidance on procedural matters. *See, e.g., Turner v. Duke Univ.*, 325 N.C. 152, 164 (1989) ("The North Carolina Rules of Civil Procedure are, for the most part, verbatim recitations of the federal rules[,]" so "[d]ecisions under the federal rules are thus pertinent for guidance and enlightenment in developing the philosophy of the North Carolina rules"); *Harper v. Vohra Wound Physicians*

(affirming dismissal with prejudice for lack of subject matter jurisdiction where plaintiffs could not cure procedural default and "no other court [had] the power to hear the case"); *Penn v. Army & Air Force Exch. Serv.*, Civil Action No. 3:21-CV-402-L-BK, 2021 U.S. Dist. LEXIS 124944, *2 (N.D. Tex. Jul. 6, 2021) (dismissing with prejudice under Rule 12(b)(1) "because there is no other forum in which Plaintiff can bring these claims, and . . . the fatal flaw in Plaintiff's claims in failing to bring them in a court of appropriate jurisdiction within the time mandated by the statute, cannot be cured"); *Cunningham v. General Dynamics Info. Tech., Inc.*, Civil No. 1:16-cv-00545, 2017 U.S. Dist. LEXIS 66094, *17 (E.D. Va. May 1, 2017) ("when courts dismiss claims on sovereign immunity grounds, they frequently do so with prejudice").

23.     In light of the Court's ruling, the Court further concludes that it does not have subject matter jurisdiction to hear Petitioners' Motions and therefore shall deny those motions as moot. *See, e.g., In re T.R.P.*, 360 N.C. 588, 590 (2006) ("Subject matter jurisdiction is the indispensable foundation upon which valid judicial decisions rest, and in its absence a court has no power to act[.]"); *In re Z.T.B.*, 170 N.C. App. 564, 572 (2005) ("[L]ack of subject matter jurisdiction divests the trial court of any authority to adjudicate[.]").

---

*of NY*, 270 N.C. App. 396, 403 (2020) (noting that the court "looked to federal decisions for guidance" when interpreting North Carolina's rules of civil procedure).

III.

CONCLUSION

24.     **WHEREFORE**, for the reasons set forth above, the Court hereby

**GRANTS** Respondent's Motion, **DISMISSES** Petitioners' Petition with prejudice,

and **DENIES** Petitioners' Motions as moot.

**SO ORDERED**, this the 9th day of September, 2022.


/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge