SARA KATHERINE PAINTER-JAMIESON, PERSONAL REPRESENTATIVE OF ESTATE OF CARROLL JOHN PAINTER, Plaintiff v. DEBORAH WOODWARD PAINTER, Defendant

No. COA02-1752

(Filed 6 April 2004)

**Divorce— equitable distribution—distributive award—death of spouse—not claim against estate**

The trial court did not err by requiring prompt payment of a $167,413.48 distributive award to defendant based on the conclusion that it resulted from the equitable distribution of the marital estate rather than a claim against decedent husband's estate subject to N.C.G.S. § 28A-19-6, because: (1) although decedent's assets include those he acquired from the equitable distribution order, his assets do not include those marital assets awarded to his former spouse since a party's right to an equitable distribution of property from a marital estate vests at the time of the parties' separation; (2) decedent's possession of the distributive award at the time of his death does not grant him the authority to consider the award as a portion of his estate; (3) if the Court of Appeals were to consider the distributive award a claim against decedent's estate under Chapter 28A, it would permit a decent who dies with possession of his former spouse's portion of the marital estate to usurp equitable distribution and consider the property his, and in exchange, the former spouse would retain a mere claim against the possessor's estate; (4) where payment is due from a decedent to a former spouse to account for the former spouse's portion of the marital estate, that payment must be made first and only after the marital estate is separate from decedent's estate can the administrator determine decedent's assets and proceed to pay the creditors and distribute the assets of the estate pursuant to Chapter 28A; and (5) the 2003 amendments to

Chapters 28A and 50 are not applicable to the case at bar when it was a pending action and no statute can be retroactively applied to impinge vested rights.

Appeal by plaintiff from order entered 9 December 2002, *nunc pro tunc*, 24 October 2002, by Judge Charlie Brown in Rowan County District Court. Heard in the Court of Appeals 16 October 2003.

*Doran, Shelby, Pethel & Hudson, by John T. Hudson, for plaintiff-appellant.*

*Robert L. Inge, for defendant-appellee.*

CALABRIA, Judge.

Sara Katherine Painter-Jamieson ("plaintiff"), serving as personal representative of the estate of Carroll John Painter ("Dr. Painter"), her deceased father, appeals the order of the trial court requiring prompt payment of a $167,413.48 distributive award to Deborah Woodward Painter ("defendant"). The court found that because the distributive award resulted from the equitable distribution of the marital estate, the award belongs to defendant and is not a claim against decedent's estate subject to N.C. Gen. Stat. § 28A-19-6. We affirm.

Dr. Painter and defendant were married in 1979 and divorced in 1995. On 31 May 2000, during the pendency of the equitable distribution action, Dr. Painter died. Dr. Painter's daughter, as personal representative of his estate, was substituted as plaintiff. The parties agreed upon a distribution of the marital assets: plaintiff was awarded property valued at $534,067.71; defendant was awarded property valued at $199,240.75. Thereafter, the parties sought the court's determination of two remaining issues: (1) whether an equal distribution was equitable and (2) the amount, if any, of a distributive award. On 21 September 2000, the court announced its Equitable Distribution Order awarding the property as stipulated by the parties, determining an equal distribution was equitable, and ordering plaintiff to pay defendant $167,413.48 as a distributive award. No appeal was taken from this order.

In May 2002, after waiting twenty months for plaintiff to pay the $167,413.48 award, defendant filed a motion for contempt and immediate payment of the distributive award. At a hearing on 24 October 2002, plaintiff asserted the distributive award is like any other claim

against the estate and must be paid in accordance with the priority system for claims against the estate as set forth in N.C. Gen. Stat. § 28A-19-6. Defendant asserted the distributive award represents her portion of the marital property, does not constitute a claim against the estate, and is not governed by North Carolina estate law. The court found "the distributive award owed to the Defendant is her own money [from the marital estate], and does not [] belong to the estate" and ordered plaintiff to pay the award within thirty days. Plaintiff appeals.

This appeal presents two issues: (I) how to reconcile certain provisions of Chapters 28A and 50 of the North Carolina General Statutes; and (II) the effect, if any, of the 2003 amendments to Chapters 28A and 50 to the case at bar.

I. Construction of Chapters 28A and 50

The essential question presented by this case is how the law treats an equitable distribution award in relation to a decedent's estate. Plaintiff argues defendant's right to the distributive award constitutes a claim against decedent's estate governed by N.C. Gen. Stat. § 28A-19. Defendant argues the distributive award represents her portion of the marital property, not part of decedent's assets.

Equitable distribution represents the cessation of common ownership and the division of property belonging to the marriage between the parties of the marriage. N.C. Gen. Stat. § 50-20 (2003). Although in-kind distribution of the property is preferred, a court may provide for a distributive award "to facilitate, effectuate or supplement a distribution of" the property. N.C. Gen. Stat. § 50-20(e). The distributive award may be "payable either in a lump sum or over a period of time in fixed amounts." N.C. Gen. Stat. § 50-20(b)(3). If the award is payable over a period of time in fixed amounts, it may be secured by a lien on specific property. N.C. Gen. Stat. § 50-20(e).

In the case at bar, the parties agreed that Dr. Painter would retain, *inter alia*, his IRA, valued at $289,376.00, and his medical practice, valued at $172,000.00. In total, the settlement provided Dr. Painter would receive property valued at $534,067.71 and defendant would receive property valued at $199,240.75. The trial court determined an equal distribution of the property was equitable, and further ordered payment of a $167,413.48 distributive award to defendant "to equalize the marital distribution." The payment was a lump sum payment and was not secured by a specific lien.

Chapter 28A of the North Carolina General Statutes provides the structure for the administration of decedents' estates. After appointment of a personal representative, the representative must follow the requirements of Chapter 28A, which include: giving notice to creditors; discovering the assets of the estate; paying claims against the estate; completing an inventory; filing accountings; and distributing and settling the estate. N.C. Gen. Stat. § 28A-6 to -23 (2003). Since the issue presented is whether the distributive award is a claim against decedent's estate, we set forth the priority scheme for paying claims:

After payment of costs and expenses of administration, the claims against the estate of a decedent must be paid in the following order:

First class. Claims which by law have a specific lien on property to an amount not exceeding the value of such property.

Second class. Funeral expenses to the extent of two thousand five hundred dollars ($2,500). This limitation shall not include cemetery lot or gravestone. The preferential limitation herein granted shall be construed to be only a limit with respect to preference of payment and shall not be construed to be a limitation on reasonable funeral expenses which may be incurred; nor shall the preferential limitation of payment in the amount of two thousand five hundred dollars ($2,500) be diminished by any Veterans Administration, social security or other federal governmental benefits awarded to the estate of the decedent or to his or her beneficiaries.

Third class. All dues, taxes, and other claims with preference under the laws of the United States.

Fourth class. All dues, taxes, and other claims with preference under the laws of the State of North Carolina and its subdivisions.

Fifth class. Judgments of any court of competent jurisdiction within the State, docketed and in force, to the extent to which they are a lien on the property of the decedent at his death.

Sixth class. Wages due to any employee employed by the decedent, which claim for wages shall not extend to a period of more than 12 months next preceding the death; or if such employee was employed for the year current at the decease, then from the time of such employment; for medical services within the 12 months preceding the decease; for drugs and all other medical

supplies necessary for the treatment of such decedent during the last illness of such decedent, said period of last illness not to exceed 12 months.

Seventh class. All other claims.

N.C. Gen. Stat. § 28A-19-6.

Under the statute, all creditors are subordinate to the costs and administration of the estate. *Id.* In the case at bar, because the distributive award was not secured by a specific lien it would not be paid as a first class claim. *Id.* Although the parties disagreed as to whether defendant would be a fourth or seventh class claimant, applying Chapter 28A would, at a minimum, require defendant's share of the marital property to be utilized to pay for the administration of the estate, funeral expenses and taxes. Moreover, the impact of this priority system is most extreme where, as here, the estate does not contain sufficient assets to pay all the claims and decedent's estate is extinguished after satisfying the third class claimants.[1]

A thorough review of the applicable statutes and conflicting policy issues requires that the distributive award should not be treated as a claim under Chapter 28A. Plaintiff correctly asserts that Chapter 28A is the sole authority on administering a decedent's estate. However, the statute provides that decedent's estate is comprised of *decedent's* assets, including all *decedent's* real and personal property. N.C. Gen. Stat. § 28A-15-1(a). Although decedent's assets include those he acquired from the equitable distribution order, his assets do not include those marital assets awarded to his former spouse. Here, the value of the distributive award belongs solely to the former spouse. A party's right to an equitable distribution of property from a marital estate "vest[s] at the time of the parties' separation." N.C. Gen. Stat. § 50-20(k). Decedent's possession of the distributive award at the time of his death does not grant him the authority to consider the award as a portion of his estate.

We also recognize the obvious conflict between the policy of equitable distribution and the application of Chapter 28A to unpaid distributive awards ordered pursuant to an Equitable Distribution Order.

---

1. Plaintiff explained that unexpected taxes burdened the estate. Since Dr. Painter had not changed the beneficiary on a $500,000.00 life insurance policy after his divorce, upon his death defendant received the proceeds from the policy and the associated taxes were levied against the estate. We note the trial court considered these issues in determining equitable distribution and nevertheless found an equal distribution was equitable. Plaintiff chose not to appeal this decision.

The crux of equitable distribution is "the idea of marriage as a partnership in which both spouses contribute to the marital economy." *McLean v. McLean*, 323 N.C. 543, 549, 374 S.E.2d 376, 380 (1988); *See also* Sharp, *The Partnership Ideal: The Development of Equitable Distribution in North Carolina*, 65 N.C.L. Rev. 195, 198-99 (1987). Accordingly, at the end of a marriage, rather than property passing according to the common law title system, property acquired during the marriage is equitably divided between the parties, in recognition that "marital property and divisible property are species of common ownership." N.C. Gen. Stat. § 50-20 (k). Plaintiff asserts that where one party dies before he pays the distributive award Chapter 28A must be utilized to administer the estate and the distributive award becomes a claim against decedent's estate. However, Chapter 28A does not recognize the former spouse's claim in accordance with the partnership theory; rather by applying Chapter 28A to equitable distribution awards we revert back not to a title system, but to a system of simple possession. If this Court were to consider the distributive award a claim against decedent's estate under Chapter 28A, we would permit a decedent who dies with possession of his former spouse's portion of the marital estate to usurp equitable distribution and consider the property his. In exchange, the former spouse would retain a mere claim against the possessor's estate. Such an analysis conflicts with the essence of equitable distribution which provides for division of the marital estate between the parties, and generally does not concern itself with title or possession. Moreover, application of Chapter 28A would require the former spouse not only to pay for the administration of decedent's estate, but also to pay his funeral expenses and taxes. While defendant may choose to bury her former husband or pay his taxes, his estate cannot usurp this choice and treat her portion of the marital estate as though it were his. Finally, in the case at bar, since the higher-priority claims would extinguish decedent's estate, defendant would never receive, as ordered by the court, an equitable distribution of the marital estate.

Accordingly, defendant seeks merely to excise from decedent's assets property rightfully belonging to her, and we concur with the trial court that defendant's award is not a claim against decedent's estate. Therefore, under Chapters 28A and 50, the administrator of a decedent's estate must guard against commingling the assets of decedent's estate with the former spouse's portion of the marital property. Where payment is due from a decedent to a former spouse to account for the former spouse's portion of the marital estate,

that payment must be made first. Only after the marital estate is separated from decedent's estate can the administrator determine decedent's assets and proceed to pay the creditors and distribute the assets of the estate pursuant to Chapter 28A. The order of the trial court is affirmed.

## II. Effect of the 2003 Statutory Amendments

We note that Chapters 28A and 50 were recently amended to provide, *inter alia*, "[t]he provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse." N.C. Gen. Stat. § 50-20(1)(2) (2003). However, the new law does not state it is applicable to pending actions and it is therefore not applicable to the case at bar.[2] Moreover, no statute can be retroactively applied to impinge vested rights and defendant's right to the distributive award was "immune from further legal metamorphosis." *Gardner v. Gardner*, 300 N.C. 715, 719, 268 S.E.2d 468, 471 (1980). Therefore, the 2003 amendments to Chapters 28A and 50, as referenced herein, are not applicable to the case at bar.

In conclusion, the trial court properly ordered plaintiff to pay defendant the distributive award, thereby finally severing the parties' property. The amount remaining after the distributive award is paid constitutes decedent's estate. Claims against decedent's estate may be properly paid in accordance with the priority scheme set forth in N.C. Gen. Stat. § 28A-19-6.

Affirmed.

Judges McGEE and HUDSON concur.

---

2. Although early editions of the bill provided for the act to apply "to actions pending or filed on or after [its effective date]," the enacted bill omitted this language. *See* S.B. 394, 2003 N.C. Gen. Assembly (draft 2, dated 14 April 2003, and draft 3, dated 13 May 2003); Act of June 12, 2003, ch. 168, sec. 4, 2003 N.C. Sess. Laws 150, 151.