IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-261

 Filed: 5 February 2019

New Hanover County, No. 17CVS1145

MARY WOLF SMITH, Plaintiff,

 v.

RICHARD T. RODGERS, JR., Personal
Representative of the Estate of Gerald Wolf, Jr.
and SHERMAN AND RODGERS, PLLC, Defendants.

 Appeal by Plaintiff from order entered 21 September 2017 by Judge Ebern T.

Watson, III, in New Hanover County Superior Court. Heard in the Court of Appeals

20 September 2018.

 Law Office of Susan M. Keelin, PLLC, by Susan M. Keelin for
 Plaintiff-Appellant.

 Cranfill Sumner & Hartzog LLP, by Melody Jewell Jolly for
 Defendant-Appellees.

 INMAN, Judge.

 Enforcement of an equitable distribution award remains within the exclusive

jurisdiction of the district court, even after one party subject to the order dies.

 Plaintiff Mary Wolf Smith (“Ms. Smith”) appeals the superior court’s dismissal

of her complaint arising from an equitable distribution award ordered (“ED Order”)

by the district court against her ex-husband, Gerald Wolf, Jr. (“Mr. Wolf”), prior to

his death. Ms. Smith sued Richard T. Rodgers, Jr., Esq. (“Rodgers”) and Sherman
 SMITH V. RODGERS

 Opinion of the Court

and Rodgers, PLLC, administrators of Mr. Wolf’s estate (collectively “Defendants”)

for declaratory relief, breach of fiduciary duty, and conversion. The superior court

agreed with Defendants that Ms. Smith’s complaint was time-barred by a statute

governing claims against estates.

 Ms. Smith argues that her complaint does not assert claims against an estate

and is therefore not subject to the statutory time limitation for bringing such claims.1

We agree that Ms. Smith’s claim for declaratory judgment is directly related to

enforcement of the ED Order and is not a claim against the estate and therefore not

time-barred. But we hold that the superior court lacked jurisdiction to hear it. We

are not persuaded that Ms. Smith’s tort claims are likewise directly related to the ED

Order, so we affirm the trial court with respect to those claims.

 I. Factual and Procedural Background

 The record,2 including Ms. Smith’s complaint, reflects the following:

 A. Facts and Litigation Preceding this Action

 1 Ms. Smith also argues that Defendants are estopped from arguing that her claims are time-

barred and that the trial court erred in considering materials outside the pleadings when ruling on a
motion to dismiss pursuant to N.C. Rule of Civil Procedure 12(b)(6). Because we hold that Ms. Smith’s
claim for declaratory judgment should have been dismissed for lack of subject matter jurisdiction, and
because she has asserted no argument to differentiate her other claims, we conclude these issues are
not dispositive and we do not address them.
 2 The only facts not alleged in Ms. Smith’s complaint relate to Mr. Wolf’s estate proceeding and

are reflected by documentary exhibits submitted to the trial court by Defendants. While those facts
provide context for the procedural background of this appeal, they are immaterial to our decision.

 -2-
 SMITH V. RODGERS

 Opinion of the Court

 Ms. Smith and Mr. Wolf married in 1994 and divorced in 2013. During the

marriage, Mr. Wolf was a member in Savings Home, LLC (“Savings Home”), which

owned parcels of real estate for sale or rental.3 In December 2012, in an equitable

distribution proceeding in the New Hanover County District Court, the court entered

an ED Order providing for Ms. Smith to receive fifty percent of the marital estate.

The ED Order identified, valued, and distributed specific marital property and debt

according to a detailed schedule, including a line item referred to as Savings Home,

which allocated half the value of Mr. Wolf’s ownership interest in Savings Home

(“LLC interest”) to Ms. Smith and the other half of the value to Mr. Wolf. The district

court found that the LLC interest had a fair market value of $419,283, and allocated

a value of $209,642 to Ms. Smith and a value of $209,641 to Mr. Wolf.

 Because it was not possible to divide the value of specific assets equally

between the parties, the trial court also included a distributive award requiring Mr.

Wolf to pay Ms. Smith $30,620 over a period of 36 months to make the total

distribution to her equal to half of the value it found in the entire marital estate.

 The ED Order required that “each party shall immediately execute any and all

documents and make all transfers of property necessary to effectuate the terms and

conditions of this Order.”

 3 Though the record and the parties refer to Mr. Wolf as a partner, because Savings Home is a
limited liability company, we refer to Mr. Wolf as a member and his interest as an ownership interest
or LLC interest.

 -3-
 SMITH V. RODGERS

 Opinion of the Court

 Mr. Wolf died suddenly on 7 March 2013, three months after the ED Order but

before he had liquidated his LLC interest in Savings Home or paid to Ms. Smith half

the value of the LLC interest, as required by the ED Order. At the time of Mr. Wolf’s

death, Savings Home owned eight parcels of real estate, all of which were controlled

by and in the possession of the surviving member in Savings Home, David Goldrup

(“Goldrup”).

 Rodgers qualified as the personal representative of Mr. Wolf’s estate through

letters of administration filed in the Clerk of New Hanover County Superior Court’s

estate division on 4 January 2013 (the “Estate Matter”). Mr. Wolf’s only heirs-at-law

are his two daughters.4

 On 7 August 2013, Ms. Smith, through her then-counsel, filed a notice of claim

in the Estate Matter for $30,620, the distributive award provided for in the ED

Order.5 In July 2016, Defendants, on behalf of Mr. Wolf’s estate, paid Ms. Smith’s

claim.

 4One is Ms. Smith’s daughter as well; the other is Ms. Smith’s stepdaughter.
 5Defendants assert in their appellate brief that Ms. Smith filed her notice of claim in response
to a notice to creditors that Sherman and Rodgers, PLLC sent on 9 August 2013. There is no evidence
in the record of a notice to creditors. In any event, the record shows that Ms. Wolf filed her notice of
claim two days before the alleged date of the notice to creditors. Because we hold that the superior
court had no jurisdiction to hear Ms. Smith’s claim to recover any portion of her award provided in the
ED Order, the discrepancy is immaterial to our decision.

 -4-
 SMITH V. RODGERS

 Opinion of the Court

 Ms. Smith did not file a notice of claim for any other aspect of the equitable

distribution award, including the distribution to her of half the value of Mr. Wolf’s

LLC interest in Savings Home.

 After Rodgers became the personal representative of Mr. Wolf’s estate, he and

Ms. Smith agreed to coordinate efforts to recover the value of the LLC interest in

Savings Home for the benefit of Mr. Wolf’s estate and Ms. Smith. In August 2014,

Rodgers and Ms. Smith filed suit against Savings Home and Goldrup, the sole

surviving member, seeking an accounting of the limited liability company’s affairs

and imposition of a constructive trust on all of its assets (“the Savings Home Action”).

 In June 2016, the parties in the Savings Home Action agreed to a consent order

(“the 2016 consent order”) for all real property owned by Savings Home to be sold,

and for all sales proceeds to be placed in a trust controlled by Sherman and Rodgers,

PLLC, the law firm in which Rodgers is a member. The 2016 consent order also

provided for Sherman and Rodgers, PLLC to be responsible for managing all of the

real property, to provide an accounting for all revenues and expenses for the real

property, and to list each parcel of property for sale after obtaining the written

approval of all parties to the Savings Home Action to the list price, commission rate,

and sale price for each parcel. The 2016 consent order also provided that the net

proceeds of the sale of each parcel would be divided by agreement of the parties to the

Savings Home Action “or in accordance with any orders of this Court.” Consistent

 -5-
 SMITH V. RODGERS

 Opinion of the Court

with the 2016 consent order, Goldrup then transferred to Sherman and Rodgers,

PLLC management and control of all of the real estate owned by Savings Home.6

 In December 2016, Ms. Smith, through new counsel, Susan Keelin, sent a letter

by e-mail to Mr. Rodgers demanding “excise of her property from [Mr. Wolf’s estate]

as set forth in the [ED Order].” The letter asserted that Ms. Smith’s “right to an

equitable distribution of property from the marital estate vested when she and [Mr.

Wolf] separated” and that it was not, and never had been, part of Mr. Wolf’s estate.7

That same day, Rodgers, on behalf of Sherman and Rodgers, PLLC, sent an e-mail

response to the demand letter, telling Keelin that she “[has] no case” and that she

should “[c]ontact [her] malpractice insurer carrier and have them call [him].”

 On 14 March 2017, Rodgers filed in the Estate Matter a denial of Ms. Smith’s

demand for half the value of Mr. Wolf’s LLC interest in Savings Home, which Rodgers

characterized as a “claim” against Mr. Wolf’s estate, for failure to properly present a

claim pursuant to N.C. Gen. Stat. § 28A-19-1, a statute governing claims against an

estate.

 B. This Action and Related Proceedings

 6 In November 2016, the defendants in the Savings Home Action filed a motion to dismiss Ms.
Smith’s claim—later refiled as a summary judgment motion—asserting that Ms. Smith was a mere
unpaid judgment creditor of Mr. Wolf’s estate with no standing to sue Savings Home or its members.
As a judgment creditor, they argued, Ms. Smith should have filed a notice of claim against the estate,
but the statute of limitations for doing so had expired. Rodgers—Ms. Smith’s co-plaintiff—also joined
in the motion, asserting that Ms. Smith “was difficult to work with” and was “obstructing the process,”
exposing him to potential liability. The motion was later withdrawn.
 7 On the date of the letter, the balance of funds in the law firm’s trust account derived from

Savings Home was $193,009.96.

 -6-
 SMITH V. RODGERS

 Opinion of the Court

 On 22 March 2017, Ms. Smith filed suit in New Hanover County Superior

Court, alleging claims against Defendants for breach of fiduciary duty, conversion,

and for a declaratory judgment that she is entitled to her half of the distributive value

of the LLC interest in Savings Home without having to file a claim against Mr. Wolf’s

estate. Defendants filed a motion to dismiss the action pursuant to Rule 12(b)(6) of

the North Carolina Rules of Civil Procedure, arguing that Ms. Smith’s claims were

time-barred by statutes governing claims against a decedent’s estate.

 On 31 August 2017, the remaining parties in the Savings Home Action agreed

to a second consent order (“the 2017 consent order”) which required Sherman and

Rodgers, PLLC to pay to the New Hanover County Clerk of the Superior Court,

among other things, the funds in the law firm’s trust account derived from Savings

Home, and provided for the trial court to appoint a commissioner to manage and sell

the remaining assets of Savings Home. The 2017 consent order also relieved

Sherman and Rodgers, PLLC from “any further duties under the 2016 consent order.”

 One month later, after a hearing in this action, the trial court granted

Defendants’ motion to dismiss Ms. Smith’s complaint, holding that she had failed to

state a claim for which relief could be granted. Ms. Smith appeals.

 II. Analysis

 A. Declaratory Judgment Claim

 -7-
 SMITH V. RODGERS

 Opinion of the Court

 The trial court concluded that Ms. Smith’s claims are subject to Section 28A-

19-1 of our General Statutes and are time-barred by that statute because she did not

file her claim within 90 days of the estate administrator’s notice to creditors that Mr.

Wolf had died and his debts were to be handled by his estate. Ms. Smith argues this

ruling is error. For reasons explained below, we agree that Ms. Smith’s claim to

enforce the ED Order through a declaratory judgment falls outside the scope of

Chapter 28A and within the scope of Section 50 of our General Statutes, which

governs equitable distribution proceedings. But our holding that this claim is an

equitable distribution matter is also fatal to subject matter jurisdiction in the

superior court. Accordingly, we vacate the trial court’s order of dismissal on the

merits of Ms. Smith’s declaratory judgment claim and dismiss that claim for lack of

subject matter jurisdiction.

 1. Equitable Distribution Versus Estate Administration

 Equitable distribution is the process by which a court divides property

belonging to a married couple based upon a variety of statutory factors. N.C. Gen.

Stat. § 50-20(c) (2017). It is presumed that an in-kind distribution of marital property

is equitable; however, if the presumption is rebutted by the greater weight of the

evidence, or “by evidence that the property is a closely held business entity or is

otherwise not susceptible of division in-kind,” the court shall provide for a distributive

award to be paid by either party, incrementally or in a lump sum, to achieve equity

 -8-
 SMITH V. RODGERS

 Opinion of the Court

between the parties. Id. §§ 50-20(b)(3), (e). “The rights of the parties to an equitable

distribution of marital property and divisible property are a species of common

ownership, the rights of the respective parties vesting at the time of the parties’

separation.” Id. § 50-20(k).

 Chapter 28A establishes the procedure for the administration of a decedent’s

estate. The personal representative appointed to oversee the decedent’s estate is

obligated to, among other things, accumulate the assets of the estate, notify potential

claimants, and pay valid claims against the estate. Different categories of claims are

paid according to a statutory hierarchy, which includes the following:

 (a) After payment of costs and expenses of administration,
 the claims against the estate of a decedent must be paid in
 the following order:

 ....

 Sixth class. Judgments of any court of competent
 jurisdiction within the State, docketed and in force, to the
 extent to which they are a lien on the property of the
 decedent at the decedent’s death. . . .

 Eighth class. A claim for equitable distribution.

 Ninth class. All other claims.

N.C. Gen. Stat. § 28A-19-6(a) (2017). The eighth class of claims was added to the

statute in 2005, after Section 50-20(l) had been amended to provide that equitable

distribution claims whether pending or not-yet filed at the time of a spouse’s death,

could be pursued against the decedent’s estate. Act of July 12, 2005, ch. 180, sec. 1,

 -9-
 SMITH V. RODGERS

 Opinion of the Court

2005 N.C. Sess. Laws 307.

 This Court held in Painter-Jamieson v. Painter, 163 N.C. App. 527, 594 S.E.2d

217 (2004), that an award in an equitable distribution proceeding pending prior to

the death of one spouse is not a “claim” with respect to Chapter 28A-19-6(a), but

“represents [the surviving spouse’s] portion of the marital property.” Id. at 529, 594

S.E.2d at 218.

 In Painter, during the pendency of an equitable distribution action with his

former spouse, Dr. Painter died. Id. at 528, 594 S.E.2d at 218. The personal

representative of Dr. Painter’s estate was substituted for Dr. Painter in the equitable

distribution proceeding, and the parties eventually agreed to a consent order by the

district court awarding Deborah Woodward Painter a distributive payment of

$167,413.48. Id. at 528, 594 S.E.2d at 218. By May 2002, however, the estate had

not paid the award. Id. at 528, 594 S.E.2d at 218. Deborah filed a motion for

contempt against the personal representative seeking immediate payment of the

award. Deborah argued—and the district court agreed—that the award was not

governed under North Carolina estate law, but “[was] her own money . . . and [did]

not [] belong to the estate.” Id. at 529, 594 S.E.2d at 219. The district court ordered

the personal representative to pay the award within thirty days. Id. at 529, 594

S.E.2d at 219.

 Reviewing the personal representative’s appeal, this Court acknowledged “the

 - 10 -
 SMITH V. RODGERS

 Opinion of the Court

obvious conflict between the policy of equitable distribution and the application of

Chapter 28A to unpaid distributive awards ordered pursuant to an Equitable

Distribution Order,” id. at 531, 594 S.E.2d at 220, but expressly rejected the

argument that, “where one party dies before he pays the distributive award[,]

Chapter 28A must be utilized to administer the estate and the distribution award

becomes a claim against [the] decedent’s estate.” Id. at 531, 594 S.E.2d at 220. We

explained that “the distributive award should not be treated as a claim under Chapter

28A” because that statute “provides that [a] decedent’s estate is comprised of [a]

decedent’s assets, including all [of a] decedent’s real and personal property.” Id. at

531, 594 S.E.2d at 220 (citing N.C. Gen. Stat. § 28A-15-1(a) (2004)) (emphasis

omitted). Instead, we held: “Although [a] decedent’s assets include those he acquired

from the equitable distribution order, his assets do not include those marital assets

awarded to his former spouse.” Id. at 531, 594 S.E.2d at 220 (emphasis added).

 Our decision in Painter also addressed how its holding affected the

administration of a deceased ex-spouse’s estate:

 Where payment is due from a decedent to a former spouse
 to account for the former spouse’s portion of the marital
 estate, that payment must be made first. Only after the
 marital estate is separated from decedent’s estate can the
 administrator determine decedent’s assets and proceed to
 pay the creditors and distribute the assets of the estate
 pursuant to Chapter 28A.

Id. at 532-33, 594 S.E.2d at 221.

 - 11 -
 SMITH V. RODGERS

 Opinion of the Court

 This Court recently followed Painter in Watson v. Joyner-Watson, which, like

this case, arose from a superior court proceeding and held that an equitable

distribution award owed to a surviving spouse “is neither part of the deceased

spouse’s estate nor subject to the traditional procedures governing claims against the

estate.” __ N.C. App. __, __, __ S.E.2d __, __ (Dec. 18, 2018) (COA18-524).

 Considering section 50-20(k)’s provision that equitable distribution rights vest

on the date of a couple’s separation, as well as the express holdings in Painter and

Watson that marital assets distributed to a surviving spouse are not part of a

deceased spouse’s estate, we conclude that as a result of the ED Order, half of Mr.

Wolf’s LLC interest in Savings Home belonged to Ms. Smith at the time of his death,

and that asset did not become part of Mr. Wolf’s estate.

 Defendants argue that statutory amendments applicable to equitable

distribution claims against decedents’ estates require a different analysis. We

disagree.

 In 2003, the General Assembly amended Section 50-20 to add the following

pertinent language:

 (l)(1) A claim for equitable distribution, whether an action
 is filed or not, survives the death of a spouse so long as the
 parties are living separate and apart at the time of death.

 (2) The provisions of Article 19 of Chapter 28A of
 the General Statutes shall be applicable to a claim
 for equitable distribution against the estate of the
 deceased spouse.

 - 12 -
 SMITH V. RODGERS

 Opinion of the Court

N.C. Gen. Stat. § 50-20(l) (2017). Unlike Painter and Watson, the ED Order in this

case post-dates the amendment. So we must consider how Section 50-20(l) affects

enforcement of an equitable distribution award entered prior to the death of a party,

and specifically whether the distribution award becomes a “claim” against the

decedent’s estate and thus governed by Chapter 28A.

 If a statute’s language is clear and unambiguous, no further analysis is

necessary “and the courts must give it its plain and definite meaning.” Quality Built

Homes Inc. v. Town of Carthage, 369 N.C. 15, 19, 789 S.E.2d 454, 457 (2016).

 It is reasonable to construe the plain language of “a claim for equitable

distribution against the estate of a deceased spouse” to include a yet-to-be-asserted

claim for equitable distribution from marital property held by a spouse at the time of

his death, as well as a claim previously filed and pending at the time of death. This

language plainly does not include an equitable distribution award already ordered,

but not yet satisfied, before the decedent’s death and necessarily before the existence

of the estate.

 Section 50-20(l), created by the General Assembly in 2001, initially provided:

“A pending action for equitable distribution shall not abate upon the death of a party.”

Act of Aug. 10, 2001, ch. 364, sec. 2, 2001 N.C. Sess. Laws 1167 (emphasis added).

The statute did not mention Chapter 28A, which governs decedents’ estates, and this

Court held that it “abrogated the Supreme Court’s decision in Brown v. Brown, which

 - 13 -
 SMITH V. RODGERS

 Opinion of the Court

held an equitable distribution claim abated upon the death of a party.” Estate of

Nelson ex rel. Brewer v. Nelson, 179 N.C. App. 166, 170-71, 633 S.E.2d 124, 128 (2006)

(emphasis added); see also Stann v. Levine, 180 N.C. App. 1, 12, 636 S.E.2d 214, 221

(2006) (agreeing with Nelson). In Brown v. Brown, the parties were separated and

were in pending divorce and equitable distribution proceedings; however, before the

trial court entered a final divorce decree and a final equitable distribution judgment,

the wife died. 353 N.C. 220, 222, 539 S.E.2d 621, 622 (2000). The Supreme Court in

Brown held that, because an “equitable distribution . . . is inextricably linked with

divorce proceedings,” the wife’s death prior to a final divorce decree abated her claim

for equitable distribution. Id. at 227, 539 S.E.2d at 625. Brown also explained that

its “reasoning [did] not contradict Tucker v. Miller, 113 N.C. App. 785, 788, 440 S.E.2d

315, 317 (1994),” which “held that an equitable distribution action survived a party’s

death” occurring after a final divorce decree but before final resolution of the

equitable distribution proceeding. Id. at 225 n.1, 539 S.E.2d at 624 n.1.

 The 2003 amendment to Section 50-20(l) replaced the reference to “a pending

action for equitable distribution” with “a claim for equitable distribution, whether an

action is filed or not.” Act of June 12, 2003, ch. 168, sec. 1, 2003 N.C. Sess. Laws

230-31. The General Assembly noted that the amendment was intended to “allow a

claim for equitable distribution to not only survive the death of one of the spouses but

also to be filed after” a spouse’s death if the spouses were separated at the time of

 - 14 -
 SMITH V. RODGERS

 Opinion of the Court

death. North Carolina Bill Summary, 2003 Reg. Sess. S.B. 394 (June 12, 2003)

(emphasis added). The General Assembly also noted its intent that all “claim[s]

against the estate [are] subject to the same filing and notice requirements” like all

other creditors “under Article 19 of Chapter 28A.” Id.

 Based on the plain language of the statute, and consistent with related statutes

and our precedents, we hold that absent the death of a spouse prior to adjudication

of an equitable distribution proceeding, Section 50-20(l)(2) does not require the

surviving spouse to comply with Section 28A-19-3’s filing and notice requirements to

enforce an equitable distribution order. Section 50-20(l) does not affect Ms. Smith’s

right to collect her distributional share of Mr. Wolf’s LLC interest in Savings Home.

Because the ED Order severed the marital property into separate and distinct assets

with respect to each party, Ms. Smith’s demand to excise her distributional property

from Mr. Wolf’s estate is not a “claim” for the purposes of Section 28A-19-6.

 Defendants argue in the alternative that, if we do not conclude Ms. Smith has

asserted an equitable distribution claim against Mr. Wolf’s estate, she was still

obligated to comply with Chapter 28A because the ED Order is a judgment, docketed

and a lien on the property of Mr. Wolf at the time of his death, falling under the sixth

class in the hierarchy of claims against an estate. N.C. Gen. Stat. § 28A-19-6(a). This

argument is precluded by this Court’s holdings in Painter and Watson, which explain

that an equitable distribution order vests in the surviving spouse a property right

 - 15 -
 SMITH V. RODGERS

 Opinion of the Court

that is not subject to Section 28A-19-6(a). Unlike equitable distribution claims, which

were added to the hierarchy of claims against a decedent’s estate in 2005, docketed

judgments have been listed in the hierarchy of claims for more than a century.

Defendants have cited no appellate decisions, and we have found none, characterizing

an equitable distribution order as a judgment within the scope of Section 28A-19-6(a).

 2. Subject Matter Jurisdiction

 Because Ms. Smith’s claim of ownership in half of Mr. Wolf’s LLC interest is

not a “claim” falling within Chapter 28A, but a separate asset outside of Mr. Wolf’s

estate and within the scope of the ED Order, the superior court should have dismissed

Ms. Smith’s declaratory judgment claim pursuant to Rule 12(b)(1) for lack of subject

matter jurisdiction. The district court’s ED Order established exclusive original

jurisdiction over the parties’ equitable distribution process.

 This Court’s recent decision in Watson, which followed Painter, explained its

consequence for subject matter jurisdiction, holding that “the entire equitable

distribution process—including the enforcement of an unpaid distributive award—is

governed by N.C. Gen. Stat. § 50 et seq. and is under the authority of the district court

pursuant to N.C. Gen. Stat. § 7A-244.” __ N.C. App. at __, __ S.E.2d at __.

 In Watson, the district court entered an equitable distribution order in 1999,

which named the wife as sole beneficiary of the husband’s survivor benefit plan and

provided that, if the husband did not make the wife sole beneficiary before his death,

 - 16 -
 SMITH V. RODGERS

 Opinion of the Court

an amount equal to the plan’s present value would become an obligation of the

husband’s estate. Id. at __, __ S.E.2d at __. The husband died before naming the wife

as beneficiary, and the wife filed a claim against his estate in superior court. The

trial court dismissed the wife’s claim pursuant to Rule 12(b)(1) because she “failed to

file her claims with the appropriate division of the general court of justice.” Id. at __,

__ S.E.2d at __.

 Watson followed the holding in Painter that property rights arising from an

equitable distribution order vest at the time of separation and are not subject to

statutes governing estate administration. But because Watson, unlike Painter, arose

from an action in superior court, this Court had to address the delineation between

the jurisdiction and powers of the trial court division, governed by Chapter 7A of our

General Statutes. Id. at __, __ S.E.2d at __ (citing N.C. Gen. Stat. § 7A-240 et seq.

(2017)). We explained:

 [T]he superior court maintains “[e]xclusive original
 jurisdiction for the probate of wills and the administration
 of decedents’ estates[.]” N.C. Gen. Stat. § 7A-241 (2017).
 Under the auspice of the superior court, the personal
 representative of a decedent’s estate “must follow the
 requirements of Chapter 28A, which include . . . paying
 claims against the estate,” among other responsibilities.
 Painter-Jamieson v. Painter, 163 N.C. App. 527, 530, 594
 S.E.2d 217, 219 (2004); see generally N.C. Gen. Stat. § 28A
 (2017).

 In contrast, the district court exercises subject matter
 jurisdiction over “civil actions and proceedings
 for . . . equitable distribution of property . . . and the

 - 17 -
 SMITH V. RODGERS

 Opinion of the Court

 enforcement of separation or property settlement
 agreements between spouses, or recovery for the breach
 thereof.” N.C. Gen. Stat. § 7A-244 (2017). Equitable
 distribution is a process that occurs upon the dissolution of
 a marriage whereby the district court divides “property
 acquired during the marriage” among former spouses “in
 recognition that marital property and divisible property
 are species of common ownership.” Painter-Jamieson, 163
 N.C. App. at 532, 594 S.E.2d at 220 (quoting N.C. Gen.
 Stat. § 50-20(k) ). . . . Thus, the entire equitable distribution
 process—including the enforcement of an unpaid
 distributive award—is governed by N.C. Gen. Stat. § 50 et
 seq. and is under the authority of the district court pursuant
 to N.C. Gen. Stat. § 7A-244.

Id. at __, __ S.E.2d at __ (emphasis added). We concluded that, because the “plaintiff’s

portion of the [marital estate] is excluded from the decedent’s estate, the superior

court properly dismissed [her] claims for lack of subject matter jurisdiction.” Id. at

__, __ S.E.2d at __. The plaintiff’s distributive award was “neither part of the

[decedent’s] estate nor subject to the traditional procedures governing claims against

the estate.” Id. at __, __ S.E.2d at __ (citing Painter, 163 N.C. App. at 532-33, 594

S.E.2d at 221) (emphasis added).

 Here, instead of filing her action in the district court, where the ED Order

originated, Ms. Smith brought an action in New Hanover County Superior Court in

an attempt to enforce her right to a distributive share in Mr. Wolf’s LLC interest. It

follows from Ms. Smith’s argument that her distributive share is not within her

former husband’s estate under Chapter 28A and is separate from Mr. Wolf’s estate

that she “must attempt to enforce her rights through the underlying equitable

 - 18 -
 SMITH V. RODGERS

 Opinion of the Court

distribution action.” Id. at __, __ S.E.2d at __. As established in Painter, and as

reiterated in Watson, Chapter 28A is not the “mechanism for enforcement,” as “the

district court maintains authority over the enforcement of” the ED Order. Id. at __,

__ S.E.2d at __.

 B. Breach of Fiduciary Duties and Conversion

 Ms. Smith also appeals the trial court’s dismissal of her claims for breach of

fiduciary duty and conversion. Her complaint alleges that (1) Rodgers breached his

fiduciary duty to her by not complying with the ED Order and by improperly

exercising his power as representative of Mr. Wolf’s estate; (2) Sherman and Rodgers,

PLLC breached its fiduciary duty to her by mishandling assets it held in trust for her

benefit as a result of the 2016 consent order; and (3) Defendants are liable to her for

conversion because they continued to exercise dominion and control over her

distributive share in the LLC interest after she demanded they relinquish it to her.

The trial court dismissed those claims, along with Ms. Smith’s declaratory judgment

claim, pursuant to Rule 12(b)(6) of the Rules of Civil Procedure for failure to state a

claim for which relief can be granted.

 The tort claims, unlike the declaratory judgment claim, are not clearly within

the holdings of Painter and Watson. Neither of those cases involved tort claims, and

unlike a claim to enforce an equitable distribution award, tort claims do not fall

within the exclusive jurisdiction of the district court. Compare N.C. Gen. Stat. § 7A-

 - 19 -
 SMITH V. RODGERS

 Opinion of the Court

244 (2012) (district court is proper division for all equitable distribution matters),

with N.C. Gen. Stat. § 7A-243 (2012) (civil claims seeking damages in excess of

$10,000 are properly filed in the superior court).8 Ms. Smith’s complaint seeks, in

addition to $209,642 related to the ED Order, double damages, punitive damages,

and attorneys’ fees. Accordingly, based upon a review of the complaint on its face, we

hold that the superior court had subject matter jurisdiction to hear those claims and

we therefore review de novo the trial court’s dismissal of those claims on their merits.

 But Ms. Smith limits her appeal from the trial court’s dismissal of her tort

claims to the same argument she asserts regarding her declaratory judgment claim—

that these claims are not time-barred by Chapter 28A’s limitations on claims against

a decedents’ estates. She argues that all three claims “rise and fall” on this single

legal issue. Ms. Smith offers no argument distinguishing the factual allegations or

legal theories supporting her tort claims from those supporting her declaratory

judgment claim. She offers no argument regarding the elements of these tort claims.

 8 We note that N.C. Gen. Stat. §§ 7A-240 and 7A-242, respectively titled “Original civil
jurisdiction generally” and “Concurrently held original jurisdiction allocated between trial divisions,”
provide that, with the exception of proceedings in probate and estate matters, the district court and
superior court have concurrent jurisdiction in civil matters. Section 7A-242 explains that “[f]or the
efficient administration of justice in respect of civil matters as to which the trial divisions have
concurrent original jurisdiction, the respective divisions are constituted proper or improper for the
trial and determination of specific actions in accordance with allocations in this Article.” Section 7A-
244, which this Court in Watson held gives exclusive jurisdiction in all equitable distribution
proceedings to the district court, provides that the district court “is the proper division without regard
to the amount in controversy, for the trial of civil actions and proceedings for . . . equitable distribution
of property.” We follow Watson’s interpretation of Section 7A-244. See In re Civil Penalty, 324 N.C.
373, 384, 379 S.E.2d 30, 37 (1989).

 - 20 -
 SMITH V. RODGERS

 Opinion of the Court

 Ms. Smith has offered no argument in this regard on appeal and abandoned

any appeal from the dismissal of these claims on their merits. We affirm the trial

court’s dismissal of these claims pursuant to Rule 12(b)(6).

 III. Conclusion

 While Ms. Smith’s declaratory judgment claim to enforce her equitable

distribution rights is not time-barred by Section 28A-19-3, she must enforce those

rights in the district court, which has exclusive jurisdiction over the enforcement of

its equitable distribution order. Accordingly, we vacate the trial court’s order

dismissing the declaratory judgment claim on its merits and remand to the trial court

to dismiss that claim pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

Absent any argument on appeal regarding the merits of the claims for breach of

fiduciary duty and conversion independent of her equitable distribution rights, we

affirm the trial court’s dismissal of those claims pursuant to Rule 12(b)(6).

 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

 Judges TYSON and BERGER concur.

 - 21 -